# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Andrew Swank, *et al.*, on behalf of all those similarly situated,<br><br>   Plaintiffs,<br><br>  v.<br><br>Wal-Mart Stores, Inc.,<br><br>   Defendant. | Case No. 2:13-cv-1185 MRH |

## DEFENDANT WAL-MART STORES, INC.'S OPPOSITION TO PLAINTIFFS' MOTION FOR RECONSIDERATION

When plaintiffs moved for class and conditional certification, they told this Court that it must apply step one's "extremely lenient" standard for their FLSA claim, and that notice should issue to the putative collective-action plaintiffs because they supposedly had offered "evidence" from "44 declarants who have worked [as AMs] … in a total of 39 stores in Pennsylvania and [have] testif[ied] that they are similarly situated." Dkt. No. 144, at 39 (citation omitted). After Walmart explained that, in light of the extensive factual record that had been developed, the step-two standard applied such that "plaintiffs must prove that they are in fact 'similarly situated' to the rest of the putative collective-action class," Dkt. No. 159, at 35, plaintiffs doubled-down, insisting that "[s]kipping to step two is unjustified" and would not be "fair[]," because it would be "impossible … to conduct a reasoned application of [the step-two] standard," and because "merits discovery is not complete." Dkt. No. 187, at 29-30.

This Court rightly rejected plaintiffs' position and held that "the current evidentiary record was developed enough" to allow the Court to conduct a "more searching standard" at step one in the interest of judicial efficiency with an eye towards the final certification analysis.    Dkt. No. 262, at 19-20.   Applying this standard and adhering to Third Circuit precedent, the Court determined that plaintiffs could not maintain a collective action for exactly the same reasons as they could not maintain a class action:   namely, that the variance in individual testimony required consideration of each AM's individual facts and circumstances and thus that there was no way to decide liability or damages on a collective basis. *Id.* at 22.

Plaintiffs now ask the Court to reconsider its ruling on conditional certification and want a complete do-over—even to the point of telling this Court that the Court erred because it actually "should have applied" the very "step two analysis" that plaintiffs themselves repeatedly and adamantly argued *should **not** be applied. See* Dkt. No. 265, at 4; Dkt. No. 187, at 29-30.

This transparent effort to reverse their position under the guise of a motion for reconsideration should be rejected.  Plaintiffs repeatedly told this Court that this case was at step one and that the step-two standard did not apply.  *See, e.g.*, Dkt. No. 187, at 29-30.  The Court rightly rejected this argument, recognizing that in light of the ample opportunity the plaintiffs had to contact putative plaintiffs to opt-in, and the substantial discovery that was conducted, the Court was in a position to judge now whether a collective action could proceed.  *See* Dkt. No. 262, at 18-20.

2

The Court correctly held that "the very extensive record that the parties have already developed … strongly demonstrates that the proposed collective plaintiffs are not, in fact, similarly situated," and thus that "facilitating notice" is "both unnecessary and inappropriate." *Id.* at 21-22.  That conclusion, rendered following extensive briefing and argument, was correct and plaintiffs offer no legally cognizable reason for the Court to reconsider it.

Instead, despite the fact that the Court took this matter under submission on May 31, 2017 following oral argument, plaintiffs now contend that the Court erred by not considering facts relating to 113 opt-ins.  Dkt. No. 265, at 4-5.  The majority of these 113 opt-ins opted into the case after discovery closed on May 31, 2016, and many did not even opt-in until after the May 31, 2017 hearing.[1]  Plaintiffs now maintain that despite their vigorous prosecution of their motion for conditional certification and notice, the Court committed a "mistake of fact" in failing to consider that the opt-in period had closed, and that this supposed "mistake of fact" caused the Court to commit a legal error by failing to conduct a "second step" § 216(b) analysis.  *Id.*  This argument fails for multiple reasons.

First, plaintiffs do not even come close to meeting the exacting test for reconsideration.  As the Third Circuit has repeatedly explained, "[t]he standard for granting a … motion [for reconsideration] is strict," such motions are only "grant[ed] … sparingly as there is an interest in finality," and they "may be granted

---

[1]     There were 47 opt-ins at the time discovery closed on May 31, 2016, and there were 60 opt-ins at the time Plaintiffs filed their motion for preliminary certification on June 30, 2016.  One year later, as of the date of the hearing on May 31, 2017, there were 69 opt-ins.  The others opted in after the May 31, 2017 hearing.

only 'to correct manifest errors of law or fact or to present newly discovered evidence.'" *Sec'y United States Dep't of Labor v. Koresko*, 726 Fed. App'x 127, 131-32 (3d Cir. 2018) (citing *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995), *Velazquez v. UPMC Bedford Mem'l Hosp.*, 338 F. Supp. 2d 609, 611 (W.D. Pa. 2004), & *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985)).   Plaintiffs have identified no error of law in this Court's decision nor have they come forward with any newly discovered evidence, because none exists.   Their sole contention is that this Court supposedly committed a "mistake of fact"—but that so-called "mistake" is both irrelevant to the Court's reasoning, and a direct result of plaintiffs' calculated strategy: including (1) their decision midway through the briefing to change the cut-off date for the proposed collective group, (2) their decision to maintain their position at all times that this was a step-one case, and (3) their decision to remain silent while their motion was pending, and not to assert that their own motion had been mooted by the passage of time.[2]

Second, plaintiffs' argument misconstrues the basis for this Court's ruling. That decision did not remotely turn, as plaintiffs now say, on the fact that "the period for plaintiffs to opt in remain[s] open."  Dkt. No. 265, at 4 (quoting Dkt. No. 262, at 19) (alteration added).   To the contrary, this Court merely observed in passing that ***the plaintiffs had argued*** that conditional certification had not yet been granted and that the opt-in time remained open, and then proceeded to

---

[2] To the contrary, in their sur-sur reply filed at the final stage of the briefing, plaintiffs argued that the Court could apply equitable tolling of the statute of limitations for future FLSA claimants.  (Dkt. No. 210 at 20.)  Had the Court accepted this invitation, and applied it retroactively, additional plaintiffs could have opted in following a Court ruling favorable to plaintiffs.

4

conduct a thorough analysis of why this case is fundamentally different than the run-of-the-mill step-one case. Dkt. No. 262, at 19-20. In particular, the Court explained that "extensive discovery … has already been conducted in this case," and that "the substantial weight and scope of th[at] evidence … demonstrates that the proposed collective plaintiffs have materially different circumstances of employment, particularly regarding their decision-making authority, level of supervision, and daily tasks," all of "which require individualized liability determinations" and thus "preclude[s] a finding that the proposed collective plaintiffs are similarly situated." *Id.* at 20-21. It was based on that analysis, not on whether or not the opt-in period remained open, that this Court decided that the "more searching standard" applied by *Walker v. Jefferson County Board of Education*, No. 13-cv-524, 2016 WL 1117643 (N.D. Ala. Mar. 22, 2016), and other courts provided the appropriate touchstone for disposing of the § 216(b) question.

And third, even if plaintiffs did truly believe that the status of the opt-in period was as critical as they now claim, that still would not change anything because the number of opt-ins is not and was not relevant to this Court's § 216(b) analysis. As this Court explained, the number of opt-ins does nothing to remove the core impediment to conditional or final certification, which is that there are "materially different circumstances" surrounding each individual AM's job responsibilities, and those differences make it impossible for the Court "to determin[e] … liability and damages" on a collective basis. Dkt. No. 262, at 20-22. If anything, that there are now more opt-ins actually makes certifying a collective

5

action class pursuant to § 216(b) ***even more*** inappropriate, because now there would be ***even more*** "materially different circumstances" for the Court to sift through in determining liability.

*     *     *

The upshot here is straightforward:  Plaintiffs made strategic choices—and made repeated representations to this Court—in an attempt to obtain conditional certification and the issuance of collective-action notice, and they lost.   There is no basis for the Court to even consider their transparent attempt to change horses and re-run the race after the race has already ended, and their motion should accordingly be denied.

Dated: July 10, 2018

Respectfully submitted,

/s/ Robert M. Goldich
Robert M. Goldich
Kelly D. Bunting
Greenberg Traurig LLP
2001 Market Street
Philadelphia, PA 19103
Tel: (215) 988-7800
Fax: (215) 988-7801
goldichr@gtlaw.com
buntingk@gtlaw.com

*Attorneys for Defendant*
*Wal-Mart Stores, Inc.*

6

## CERTIFICATE OF SERVICE

I hereby certify that on July 10, 2018, true and correct copies of the foregoing Defendant Wal-Mart Stores, Inc.'s Opposition to Plaintiffs' Motion for Reconsideration was served upon all counsel of record via this Court's CM/ECF filing system.

Dated: July 10, 2018

Respectfully submitted,

/s/ Robert M. Goldich

Robert M. Goldich
GREENBERG TRAURIG LLP