IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDREW SWANK, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | 2:13-cv-1185 |
| ) | |
| v. ) | |
| ) | |
| WAL-MART STORES, INC., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

**Mark R. Hornak, United States District Judge**

On June 5, 2018, this Court denied the Plaintiffs' Motion for Rule 23 Class Certification and 29 U.S.C. § 216(b) Conditional Certification, ECF No. 143. (Order of June 5, 2018, ECF No. 263.) A key issue in the § 216(b) portion of the Plaintiffs' Motion was whether the Court should apply the first step of the collective action certification process (known as conditional certification), as the Plaintiffs argued, or the second step (known as final certification), as Defendant Wal-Mart argued. (*See* Op. of June 5, 2018, ECF No. 262, at 16–17.) In light of the extensive discovery that had already been conducted, but also bearing in mind the Plaintiffs' steadfast arguments in favor of conditional certification, the Court ultimately adopted the "more searching standard" applied in *Walker v. Jefferson County Board of Education*, No. 13-cv-524, 2016 WL 1117643, at *4 (N.D. Ala. Mar. 22, 2016); that is, the Court approached the conditional certification question with an eye toward final certification and considered all of the evidence to determine whether the proposed collective plaintiffs were sufficiently similarly situated to justify facilitating notice and proceeding to the final certification analysis. (Op. of June 5, 2018, ECF No. 262, at 18–20.)

1

Applying this standard—in essence, a step-one hybrid—the Court denied the Plaintiffs' Motion for § 216(b) Conditional Certification on the basis that:

> [T]he substantial weight and scope of the evidence in the record demonstrates that the proposed collective plaintiffs have materially different circumstances of employment, particularly regarding their decision-making authority, level of supervision, and daily tasks, which require individualized liability determinations. . . .
>
> To be sure, the Plaintiffs have shown that the proposed plaintiffs are similar in certain ways: they are all [Assistant Managers ("AMs")] employed by Wal-Mart in Pennsylvania, for instance, and the Plaintiffs' evidence with regard to Wal-Mart's employment manual, job description, and other employment policies provides some common links among the proposed collective plaintiffs. But the proposed plaintiffs' common status as AMs is not enough under the more searching standard to establish that the plaintiffs are sufficiently similarly situated to justify facilitating notice and proceeding to the final certification analysis. The AMs' individualized experiences, as contained in the record before the Court, vary significantly in precisely the ways that bear on the Court's eventual determination of liability and damages. Accordingly, facilitating notice at this stage of the case, in light of the very extensive record that the parties have already developed which strongly demonstrates that the proposed collective plaintiffs are not, in fact, similarly situated, is both unnecessary and inappropriate. The Plaintiffs' Motion for Conditional Certification under § 216(b) is denied.

(*Id.* at 21–22.)

Now before the Court is the Plaintiffs' Motion for Reconsideration of the Court's Order Denying Plaintiffs' Motion for 29 U.S.C. § 216(b) Conditional Certification, ECF No. 264, in which the Plaintiffs assert that the Court erred by not applying the *step-two, final certification* standard—which Wal-Mart had argued for, and the Plaintiffs had vigorously argued against, since the beginning of the briefing on the Plaintiffs' original Motion for § 216(b) Conditional Certification. (Pls.' Mem. in Supp. of Pls.' Mot. for Recons., ECF No. 265, at 3.)

For the reasons that follow, the Plaintiffs' Motion for Reconsideration, ECF No. 264, is denied.

## I. Legal Standard

To prevail on a motion for reconsideration, a litigant must demonstrate: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).

Importantly, "[a] motion for reconsideration cannot be used to 'relitigate old matters, [or] raise argument or present evidence that could have been raised prior to the entry of judgment.'" *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 957 (11th Cir. 2009) (quoting *Michael Linet, Inc. v. Vill. of Wellington*, 408 F.3d 757, 763 (11th Cir. 2005)). A motion to reconsider "may not raise new arguments that could have (or should have) been made in support of or in opposition to the original motion." *Helfrich v. Lehigh Valley Hosp.*, No. 03-cv-05793, 2005 WL 1715689, at *3 (E.D. Pa. July 21, 2005); *see also Farkas v. Rich Coast Corp.*, No. 13-cv-926, 2014 WL 550559, at *2 (W.D. Pa. Feb. 11, 2014) ("A motion for reconsideration may not be used to present a new legal theory for the first time or to raise new arguments that could have been made in support of the original motion." (citing *McNeal v. Maritank Phila., Inc.*, No. 97-cv-0890, 1999 WL 80268, at *4 (E.D. Pa. Jan. 29, 1999))).

## II. Analysis

The Plaintiffs ask the Court to reconsider its Order denying § 216(b) Conditional Certification, asserting that because the three-year statute of limitations for potential plaintiffs to opt-in to a collective action closed as of April 1, 2018 (based on the proposed collective period cut off of April 1, 2015), when the Court issued its Opinion on June 5, 2018, any additional AMs were time barred from joining the proposed collective action; therefore, the Plaintiffs argue, the Court

should have applied "step two" of the § 216(b) certification analysis, which is to determine "whether the plaintiffs who have opted in are in fact similarly situated to the named plaintiffs." (Pls.' Mem. in Supp. of Pls.' Mot. for Recons., ECF No. 265, at 3 (quoting *Zavala v. Wal-Mart Stores, Inc.*, 691 F.3d 527, 537 (3d Cir. 2012)).) Under this standard, the Plaintiffs argue, the Court should have considered only the evidence in the record from the 113 individuals who had actually opted in to the proposed collective action.[1] (*Id.*)

Under the guise of asking the Court to correct an error of fact (that the opt-in period remained open), the Plaintiffs attempt to use their Motion for Reconsideration to relitigate their Motion for § 216(b) Conditional Certification under an entirely new legal theory and applying a significantly different legal standard (one the Plaintiffs themselves had previously urged the Court it would be unjust to apply[2]). This is a plainly inappropriate use of a motion for reconsideration.

---

[1] This would have required the Court to sua sponte identify and consider an argument that the Plaintiffs had not then made (and totally opposite of the one they did make) and then sift through the hundreds (and hundreds, and hundreds) of pages of affidavits, depositions, and "Notice[s] of Filing of Consent to Join Form[s]" in the record to determine exactly which of the many witness-AMs had actually opted in to the proposed collective action and which of the opt-ins had served as witnesses, as the Plaintiffs never (and still have not) provided a list of all relevant opt-ins to the Court, nor have they advanced a sufficient record basis to demonstrate that there is the requisite level of similarity among them to meet the relevant § 216(b) standard, beyond simply saying that is so.

The Plaintiffs' Motion for Reconsideration does not even attempt to show how the evidence in the record supports certifying the collective action under the more searching final certification standard. The Court was not obligated to divine that the Plaintiffs had abandoned the core of their certification argument and then advance their new argument for them—an argument they not only had not made, but had expressly (and without qualification) opposed. The Court is not a mind reader, nor is it obligated to take on that mantle now. And it has no obligation to in essence engage in a game of "Where's Waldo" by embarking on a search mission through a sprawling and undefined record to discern whether the requisite "similarity" standard has been met under the more exacting standard the Plaintiffs now advance.

[2] By way of example, the Court notes this exchange between the Court and the Plaintiffs' counsel during oral argument on the Motion for § 216(b) Conditional Certification:

```
THE COURT:  On the 216(b) whatever—I'm hesitant to call it certification. On the
216 order that you want the court to enter, after all of the work that's been
done, do you believe it's still a step one analysis?

MS. HO:  It is, Your Honor. There has been work done, but the Third Circuit is
clear that there is not a decertification standard until all the discovery is
complete, and while we've done some initial discovery, this was set up really
only for the class certification determination.
```

(Tr. of Proceedings of May 31, 2017, ECF No. 248, at 75.)

4

*See Max's Seafood Café*, 176 F.3d 669, 677 (3d Cir. 1999). The Court did not apply the step-one hybrid standard because it mistakenly believed that the opt-in period remained open; it applied that standard because it was the best fit for the procedural posture of this case in light of the extensive record before it, despite the fact that the motion before the Court was the Plaintiff's Motion for § 216(b) *Conditional* Certification.[3]

As the Court noted above, the purpose of a motion for reconsideration is not to "raise new arguments that could have (or should have) been made in support of or in opposition to the original motion." *Helfrich v. Lehigh Valley Hosp.*, No. 03-cv-05793, 2005 WL 1715689, at *3 (E.D. Pa. July 21, 2005). Here, Plaintiffs chose to bring a Motion for § 216(b) *Conditional* Certification, and ardently supported applying the lighter *conditional* certification standard throughout briefing and oral argument of that Motion. Not once during the pendency of the Motion did the Plaintiffs alert the Court that the very standard the Plaintiffs believed the Court should apply to their Motion—the step-one, conditional certification standard—would change if the Court issued its Order after a certain date.[4] Even after this supposed deadline passed, the Plaintiffs took no action to advise the

---

[3] The Plaintiffs claim that *Zavala* stands for the proposition that "when the opt-in period has closed, a court must determine whether FLSA certification should be granted based on 'whether the plaintiffs who have opted in are in fact similarly situated to the named plaintiffs.'" (Pls.' Reply Mem., ECF No. 270, at 2 (citing *Zavala*, 691 F.3d at 537).) This is an imprecise reading of the Third Circuit's decision. Although *Zavala* clarified the burden facing plaintiffs under the step-two, final certification standard, the Court nowhere stated that a district court should automatically (and on its own accord) apply this standard to a motion for *conditional* certification if the opt-in period closed during the pendency of a motion. In fact, the collective action in *Zavala* had already been conditionally certified, and the motion in that case was a motion for decertification. This is a point the Plaintiffs asserted in their briefs on the original motion to distinguish *Zavala* and dissuade this Court from applying the final certification standard. (Pls.' Reply Mem. [to Pls.' Mot. for § 216(b) Conditional Certification], ECF No. 187, at 35 ("Defendants can cite no court in this circuit that has allowed skipping over the notice step. Wal-Mart cites *Zavala v. Wal-Mart Stores Inc.*, but that is a 'step two' case in which class notice had been issued under step one. Nothing in *Zavala* or any other Third Circuit decision authorizes district courts to depart from the two-step analysis." (internal citation omitted)).)

[4] The Court acknowledges that the time between the oral argument on the Plaintiffs' Motion for § 216(b) Conditional Certification (May 31, 2017) and issuance of the Court's Opinion and Order on that Motion (June 5, 2018) is longer than usual for this Court. The Court would also note that the parties, including the Plaintiffs, put a lot more than usual on the Court's plate with their presentations and supporting record. None of that relieved the parties of their duty to keep the Court up to date regarding any material changes in the status of their Motions, the arguments they wanted the Court to consider, or the case generally.

Court that the Plaintiffs now agreed with Wal-Mart's position that the step-two, final certification standard should apply, or that the Court should actually apply it. And to this very day, the Plaintiffs in their Motion for Reconsideration or otherwise have not advanced a developed, record-based "step-two" argument. In essence, they simply ask this Court to "go figure it out."[5]

Accordingly, the Plaintiffs have not demonstrated either an intervening change in the controlling law, new evidence that was previously unavailable, or the need to correct a clear error of law or fact or to prevent manifest injustice. *Max's Seafood Café*, 176 F.3d at 677. Instead, the Plaintiffs assert arguments and legal theories that were available and well-known to them at the time of the original Motion for § 216(b) Conditional Certification and at all points thereafter, which they chose not to present prior to this Motion for Reconsideration (and, indeed, are theories they chose to argue against when they had been presented by the Defendants). The Plaintiffs' Motion for Reconsideration is denied.

---

[5] As the Defendant points out, forty-four (44) individuals apparently opted in after oral argument in this case. (ECF No. 269 at 3, n.1.) And as noted above, the Plaintiffs have yet to advance the necessary record basis to support the conclusion they assert: that the 113 individuals who opted in to the § 216(b) collective are sufficiently similarly situated to support collective treatment.

The Plaintiffs apparently take the position that unless the Court pointed out how each individual opt-in plaintiff was dissimilar to the named Plaintiffs, the Court was obliged to find that they were each sufficiently similar for § 216(b) certification: "[T]he Court found individual differences not amongst the 113 opt-ins, but only between opt-ins and non-opt-ins"; "The Court found no dissimilarities among the 113 opt-ins and the three Plaintiffs, so it should have granted FLSA certification for the 113 opt ins." (Pls.' Mem. in Supp. of Mot. for Recons., ECF No. 265, at 3, 7.) The Plaintiffs are mistaken. The Court did not lay out every discernable lack of similarity in its June 5 Opinion; rather, its examples of the "materially different circumstances of employment" were just that: examples. (Op. of June 5, 2018, ECF No. 262, at 9–15, 21–22.) If, as the Plaintiffs argue, the particular examples of contrasting declarations that the Court cited to in its Opinion were not between two opt ins, that fact in and of itself does not lead to the conclusion that such dissimilarities did not exist. Proving that the members of the proposed collective are sufficiently similar is the Plaintiffs' responsibility, and they have not done so. (*See Zavala*, 691 F.3d at 537 ("[T]he burden is on the plaintiffs to establish that they satisfy the similarly situated requirement.").) Contrary to the necessary implication of the Plaintiffs' current argument, "sufficiently similar" is not a conclusion to be presumed or assumed.

## III. Conclusion

For the reasons stated in this Memorandum Opinion, the Plaintiffs' Motion for Reconsideration of the Court's Order Denying Plaintiffs' Motion for 29 U.S.C. § 216(b) Conditional Certification, ECF No. 264, is DENIED.

An appropriate Order will follow.

											/s/ Mark R. Hornak
											Mark R. Hornak
											United States District Judge

Dated: July 23, 2018

cc:   All counsel of record